UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REGINALD ALDRIDGE,         )
                                     )
               Plaintiff,      )
                                     )
             v.           )     No. 1:23-cv-01564-JPH-MJD
                                     )
INSITUFORM,              )
SARA HERALD,             )
GREG EDWARDS,          )
MALLISA DICKEY,        )
                                     )
             Defendants.    )

**ORDER GRANTING IN FORMA PAUPERIS, DENYING RECRUITMENT OF COUNSEL, SCREENING THE COMPLAINT, AND DIRECTING SERVICE**

**I.**
**Granting *in forma pauperis* status**

Mr. Aldridge's motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [2]; *see* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Aldridge to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.**
**Denying Motion for Attorney Representation**

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).  Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28

1

U.S.C. § 1915(e)(1)).  "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"  *Id.* (*quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry."  *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Mr. Aldridge states that he has contacted six law firms and two private attorneys for assistance.  Dkt. 3 at 2.  Some were not able to assist him and others he could not afford.  *Id.*  Mr. Aldridge has thus made a reasonable effort to obtain counsel, and he should continue that effort.  *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently present it to the judge or jury himself."  *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655).  As described below, Mr. Aldridge alleges Title VII and defamation claims.  At the pleading stage, "Plaintiffs need only plead facts, not legal theories," *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014), and Mr. Aldridge should be well situated to present the facts surrounding his case.  Mr. Aldridge has no difficulty reading or writing

in English and has a 12th grade education level.  Dkt. 3 at 3.  His complaint is coherent, and, as he puts it, he "know[s] [his] case" and "can explain. . . the facts."  *Id.*

Moreover, since this case is in the earliest stage of litigation, "the district court faces the difficulty of accurately evaluating the need for counsel."  *Rosas v. Advocate Christ Med. Ctr.*, 803 F. App'x 952, 954 (7th Cir. 2020) (citation omitted); *see Romanelli*, 615 F.3d at 852 (finding that "any accurate determination regarding [a litigant's] abilities or outcomes of the lawsuit" to be "impossible" when a case is "still in its infancy").

Therefore, based on the early stage of this litigation, his prior experience in the federal court system, and his coherent filings thus far, Mr. Aldridge has not demonstrated that the case exceeds his capacity to present it at this time.  As a result, his motion for assistance in recruiting counsel is denied without prejudice. Dkt. 3.

### III.
### Screening

#### A. Screening standard

The Court has the inherent authority to screen Mr. Aldridge's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoner alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.  *See id.*  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To

survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed

liberally and held to a less stringent standard than formal pleadings drafted by

lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The complaint**

Under the 12(b)(6) standard of review, this Court assumes Mr. Aldridge's

allegations are true and summarizes them for the purposes of screening.

*Ashcroft*, 556 U.S. at 678.

Before he started permanent employment at Insituform, Mr. Aldridge

was terminated.  Dkt. 1-1 at 1-4.  A secretary, Ms. Sara Herald, falsely told

others at his company that he had multiple felonies that he did not disclose on

his job application.  Dkt. 1-2 at 1-2.  She also told others that she "just down

right do[esn't] like [him]."  *Id.* at 2.  Mr. Aldridge is black, and Ms. Herald is

white.  *Id.*

Mr. Aldridge sued Insituform, Ms. Herald, Mr. Greg Edwards (his boss at

Insituform), and Ms. Mallisa Dickey (an HR employee of Insituform), alleging

that they racially discriminated against him by failing to hire or promote him

and by terminating his employment.  Dkt. 1 at 4.  Mr. Aldridge alleges claims

under Title VII (racial discrimination), federal law, and state law.  *Id.* at 2, 5.

**C. Analysis**

Mr. Aldridge may proceed on his Title VII claims only against Insituform, and Mr. Aldridge may proceed on a defamation claim against Ms. Herald.

First, Mr. Aldridge's Title VII claim may proceed only against Insituform since "[i]ndividual people who are agents of the employer cannot be sued as employers under Title VII." *Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n. 4 (7th Cir. 2012). Title VII claims against Ms. Herald, Ms. Dickey and Mr. Edwards, therefore, may not proceed.

Second, Mr. Aldridge has stated a claim for defamation under Indiana state law. Under Indiana law, a plaintiff must allege the following elements for defamation per se: (1) a communication with defamatory imputation; (2) publication; and (3) damages. *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010); *Charles v. Vest*, 90 N.E.3d 667, 672 (Ind. Ct. App. 2017) ("Malice is not a required element of a defamation claim between private individuals unless the alleged defamatory statement relates to a matter of public concern.").[1] If a statement imputes criminal conduct, it is defamatory per se. *Dugan*, 929 N.E.2d at 186. Mr. Aldridge has alleged that Ms. Herald falsely told others (publication) at Insituform that he had multiple felonies on his record (communication with defamatory imputation) resulting in loss of his

---

[1] For private plaintiffs in private matters, "defamation only requires a showing of negligence." *Wilkinson v. Sheets*, No. 3:19-CV-902-RLM, 2021 WL 5771218, at *3 (N.D. Ind. Dec. 6, 2021) (citing *State Farm Fire & Cas. Co. v. Radcliff*, 987 N.E.2d 121, 138 (Ind. Ct. App. 2013)). Liberally construed, Mr. Aldridge's complaint has alleged that Ms. Herald made the statements negligently. Dkt. 1-2.

job (damages[2]).  Dkt. 1-2.  Thus, he has stated a defamation per se claim against Ms. Herald under Indiana law.

These are the only claims the Court discerns from the Complaint.  If Mr. Aldridge intends to pursue claims other than a Title VII claim, he must file an amended complaint with a short, plain statement of the other federal and state claims he asserts **by October 13, 2023**.

Any amended complaint should have the proper case number, No. 1:23-cv-01564-JPH-MJD and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  Therefore, it must set out every defendant, claim, and factual allegation Mr. Aldridge wishes to pursue in this action.

## IV.   Conclusion

Mr. Aldridge's motion to proceed in forma pauperis is **GRANTED**.  Dkt. [2].  His motion for assistance in recruiting counsel is **DENIED without prejudice**.  Dkt. [3].

Liberally construed, the allegations in the complaint are sufficient to plausibly assert a Title VII claim for racial discrimination against only Insituform and a defamation per se claim against Ms. Herald.  All other claims are **DISMISSED** and the **Clerk is directed** to terminate Ms. Dickey and Mr.

---

[2] "Damages are presumed even without proof of actual harm to the plaintiff's reputation if the communication is defamatory per se." *Poyser v. Peerless*, 775 N.E.2d 1101, 1106 (Ind. Ct. App. 2002).

Edwards from the docket.  Nothing in this Order prohibits the filing of a proper

motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **Clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process

to defendant Insituform and Ms. Herald in the manner specified by Rule 4(d).

Process shall consist of the complaint, dkt. [1], applicable forms (Notice of

Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of

Summons), and this Order.

**SO ORDERED.**

Date: 9/20/2023

Distribution:

REGINALD ALDRIDGE
815 N. Bosart
Indianapolis, IN 46201

Insituform
2130 Stout Field W. Dr.
Indianapolis, IN 46241
317-489-3863

Sara Herald
2888 Treehouse Pass
Greenwood, IN 46143

James Patrick Hanlon
United States District Judge
Southern District of Indiana